[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #149 — DEFENDANT'S POST-JUDGMENT MOTION FOR RESTRAINING ORDER
The court, after hearing evidence and reviewing the memoranda filed by both parties, concludes that the post judgment motion for restraining order is denied.
Initially, the defendant has not provided the court with sufficient evidence to persuade the court that the minor child is at risk of potential danger or harm solely based on the fact that Peter Roesing attends family functions which the minor child may also attend with the plaintiff, her father, who has sole custody of the minor child.
The defendant contends that the minor child, merely being in the presence of Mr. Roesing, is to subject to imminent harm because Mr. Roesing has entered a guilty plea to possession of child pornography. The defendant has failed to provide sufficient or adequate evidence of the harm that may exist.
In addition, the court finds that the defendant is using this motion as a way to modify custody previously awarded to the plaintiff which is inappropriate.
Finally, since Mr. Roesing is not a party to this action and the issue the defendant raises addresses only Mr. Roesing's involvement with the minor child, the court concludes that this motion is inappropriate as to the plaintiff. The defendant is able to seek a restraining order or other appropriate relief as to Mr. Roesing directly and not through the plaintiff. In that way, if any one is to be inconvenienced from attending family functions it would be Mr. Roesing and not the plaintiff and the CT Page 10288 minor child. The minor child should not be deprived of or denied access to other family members or family functions which would take place if this motion were granted.
Based on the foregoing reasons, the defendant's motion is denied.
Agati, J.